Wood, C. J.
We havo looked into the pleadings in this case with deliberation and care, and can see no reason why a different opinion should be entertained than that which was expressed on the trial of the case on the circuit. Suppose the court erred in rejecting the deed, the nonsuit should not be disturbed, unless a verdict in favor of the plaintiff will lay the ^foundation for a legal judgment. 11 Ohio, 41; 12 Ohio, 302. Laying out of view some of the objections which are urged to the declaration, and which show, at best, a defective title, and taking the case upon its broadest ground, with the deed admitted, amj we can find no authority to sustain the action. There are difficulties in the way not to be overcome. The lease conveys to the defendant and Gray the house and lot, and also many articles of household furniture, and both realty and personalty are the consideration of the rent reserved. The conveyance, or assignment, as it is called by the plaintiff, of the lease, though it is a grant of the reversion in fee, is of the house and lot alone, in which the personalty is not mentioned at all. If the plaintiff recover, it is because the rent reserved is in respect to the land, and not increased by the personalty ; for, in such a case only, is there either privity of contract or privity of estate; and without either, there is no shadow of *609 right by the assignee of the reversion. The right of the assignee to sue depends on ¿be fact whether the covenant runs with the land, or is collateral to the thing dismissed, and merely personal. If personal, no right of action is transferred by the assignment. There is neither privity of contract nor estate.
In the case at bar, the covenant is to pay a sum of money for the use of both the realty and the personalty. This is the consideration of the lease, and no provision as to the amount to be paid for each. The consideration is entire. The assignee, if he avail him - self of the assignment of the realty, and the suit reserved in respect thereto, has no right to the rent for the personalty, for it is not assigned by the deed, nor is it liable to transfer. It is said by Lord Coke, in his 3 Institutes, 16, if a house and land for years, with a stock or sum of money rendering rent, be demised, and the lessee covenants for his executors, administrators, or assigns to deliver the stock or sum of money at the end of the term, the assignee shall not be charged with this covenant; for, although the rent reserved was increased in respect of the stock or sum, yet the rent did *not issue out of the stock or sum, but the land only; and therefore as to the stock or sum, the covenant is personal, and does not bind the assignee of the covenantor. No reason is pei’ceived by us, why the analogy does not extend to the assignee of the reversion, or why he should have the benefit of such a covenant against the lessee.
The rent is increased in respect to the personalty and the covenant cntiro. How, then, shall the damages be apportioned ? How much of the entire rent is the consideration for the realty, and goes to the assignee for the lease, and how much should be retained out of the personalty for the lessor, from whom it is not conveyed by any grant or assignment? In our view, no such partition can be made; and if the whole term, and the whole interest in the term, is not conveyed, it is no more an assignment which can be enforced in his own name, by the assignee of the lessor, than the assignee of the lessee. In 2 Ohio, 215, it was held that the covenant would not lie against the assignee of a part of the premises. It was said to bo an understanding, but no assignment in contemplation of law. The opinion then expressed has been considered as the settled law for many years on this point, and we see no reason to change the rule.
The deed, then, did not sustain the plaintiff’s case; it did n *610 conduce to prove aDy state of fact which would enable the plaintiff to recover, as the assignee of the reversion, upon the covenant on which the declaration is framed. The court, therefore, committed no error in directihg the nonsuit, and it should not be set aside.
The motion is overruled.